1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 RAYMOND ALFORD BRADFORD,

           Plaintiff,

8

9        v.

10 JAVATE, et al.,

           Defendants.

11

Case No. 20-cv-06833-PJH

**ORDER FOR PLAINTIFF TO FILE A RESPONSE**

12

13       Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. §

14 1983.  Plaintiff seems to imply that he has three prior strikes pursuant to 28 U.S.C. §

15 1915(g).  He seeks to proceed with this case despite the prior strikes because he states

16 he is under imminent danger of serious physical injury.  In addition, plaintiff seeks to be

17 excused from exhausting his administrative remedies due to an ongoing conspiracy

18 against him.  While plaintiff may be able to proceed with this case even if he is three

19 strikes barred, he still must exhaust administrative remedies.

20       The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

21 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought

22 with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

23 prisoner confined in any jail, prison, or other correctional facility until such administrative

24 remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

25       Exhaustion is mandatory and no longer left to the discretion of the district court.

26 *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739

27 (2001)).  Courts may not create their own "special circumstances" exceptions to the

28 exhaustion requirement.  *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (reversing Fourth

United States District Court
Northern District of California

1   Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even

2   though mistakenly—believed he had exhausted remedies).  "Prisoners must now exhaust

3   all 'available' remedies, not just those that meet federal standards."  *Woodford*, 548 U.S.

4   at 84.  Even when the relief sought cannot be granted by the administrative process, i.e.,

5   monetary damages, a prisoner must still exhaust administrative remedies.  *Id.* at 85-86

6   (citing *Booth*, 532 U.S. at 734).

7           Plaintiff shall file a response by **November 27, 2020**, addressing why this case

8   should not be dismissed without prejudice due to failure to exhaust.

9           **IT IS SO ORDERED.**

10  Dated: October 28, 2020

11

12                                                      */s/ Phyllis J. Hamilton*

13                                                   PHYLLIS J. HAMILTON
                                                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2