1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7     RAYMOND ALFORD BRADFORD,      Case No. 20-cv-06833-PJH

                Plaintiff,

8

9        v.      **ORDER OF DISMISSAL; DENYING MOTIONS FOR A PRELIMINARY INJUNCTION**

10     JAVATE, et al.,

                Defendants.      Re: Dkt. Nos. 7, 10, 11

11

United States District Court
Northern District of California

12

13     Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42

14 U.S.C. § 1983.  The court reviewed the complaint and ordered plaintiff to file a response

15 discussing why the case should not be dismissed as unexhausted because plaintiff had

16 sought to be excused from exhaustion.  Plaintiff has filed a response and two motions for

17 a preliminary injunction.

18                                **DISCUSSION**

19     **STANDARD OF REVIEW**

20     Federal courts must engage in a preliminary screening of cases in which prisoners

21 seek redress from a governmental entity or officer or employee of a governmental entity.

22 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

23 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

24 may be granted, or seek monetary relief from a defendant who is immune from such

25 relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v.*

26 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

28 of the claim showing that the pleader is entitled to relief."  "Specific facts are not

United States District Court
Northern District of California

1   necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

2   is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

3   (citations omitted).  Although in order to state a claim a complaint "does not need detailed

4   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

5   to relief' requires more than labels and conclusions, and a formulaic recitation of the

6   elements of a cause of action will not do. . . .   Factual allegations must be enough to

7   raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

8   U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state

9   a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme

10  Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal

11  conclusions can provide the framework of a complaint, they must be supported by factual

12  allegations.  When there are well-pleaded factual allegations, a court should assume their

13  veracity and then determine whether they plausibly give rise to an entitlement to relief."

14  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

15          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

16  elements: (1) that a right secured by the Constitution or laws of the United States was

17  violated, and (2) that the alleged deprivation was committed by a person acting under the

18  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

19          **LEGAL CLAIMS**

20          Plaintiff alleges in the complaint that several medical officials at his prison failed to

21  properly treat his rectal pain and bleeding.

22          The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

23  (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought

24  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

25  prisoner confined in any jail, prison, or other correctional facility until such administrative

26  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

27          Exhaustion is mandatory and no longer left to the discretion of the district court.

28  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

(2001)).  Courts may not create their own "special circumstances" exceptions to the exhaustion requirement.  *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  *Woodford*, 548 U.S. at 84.  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  *Id.* at 85-86 (citing *Booth*, 532 U.S. at 734).

Plaintiff seeks to be excused from the exhaustion requirement.  Pursuant to the legal standards set forth above, exhaustion is mandatory, and the court cannot create an exception to excuse exhaustion.  The action will be dismissed without prejudice.  Plaintiff should attempt to exhaust his claims.  Once he has exhausted his claims, he may file a new complaint.  If prison officials interfere with his inmate appeals, he must still attempt to fully exhaust the prison grievance process.

Plaintiff has also filed motions for a preliminary injunction or temporary restraining order.  A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application.  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).  A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief.  *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards for a temporary restraining order are the same as those for a preliminary injunction.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest.  *See Winter*, 555 U.S. at 20.  The irreparable injury must be both likely and immediate.  *See id.* at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must

1    do more than merely allege imminent harm sufficient to establish standing; a plaintiff must

2    *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

3         One of plaintiff's motions seeks a preliminary injunction regarding the processing of

4    his inmate appeals.  Yet, he failed to present sufficient evidence that prison officials

5    interfered with his appeals to warrant court intervention.  Nor has plaintiff shown that any

6    of the named defendants in this action are responsible for inmate appeals at the prison.

7    An injunction is binding only on parties to the action, their officers, agents, servants,

8    employees and attorneys and those "in active concert or participation" with them.  Fed. R.

9    Civ. P. 65(d).  In order to enforce an injunction against an entity, the district court must

10   have personal jurisdiction over that entity.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539,

11   545 (9th Cir. 1996).  The court should not issue an injunction that it cannot enforce.  *Id.*

12   Plaintiff has not identified any defendants in this case who could provide the relief he seeks.

13   The motion (Docket No. 11) is denied.[1]

14        Plaintiff's other motion for a preliminary injunction seeks a transfer out of the central

15   valley and into a medical facility due to plaintiff having Valley Fever.  He argues that he is

16   at risk due to the Coronavirus.  The court notes that plaintiff is not housed in the central

17   valley.  Plaintiff is housed in Soledad, CA.  Plaintiff again fails to identify any defendants in

18   his complaint who have the authority to transfer him to a medical facility.  Most importantly,

19   plaintiff's allegations in the motion for a preliminary injunction are not the same as what he

20   stated in the complaint.  A plaintiff is not entitled to injunctive relief based on claims not

21   pled in the complaint because the "court's equitable power lies only over the merits of the

22   case or controversy before it."  *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.,* 810

23   F.3d 631, 633 (9th Cir. 2015); *see, e.g., id.* at 636-38 (district court properly denied

24

25   _____
     [1] To the extent that plaintiff contends that he has now exhausted his administrative
     remedies (Docket No. 10 at 3), the case must still be dismissed without prejudice.  If a
26   prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion
     cannot excuse his earlier failure to exhaust.  *Vaden v. Summerhill*, 449 F.3d 1047, 1051
27   (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the
     administrative process ends and leaves his grievances unredressed.  It would be
28   inconsistent with the objectives of the statute to let him submit his complaint any earlier
     than that.")

United States District Court
Northern District of California

1   plaintiff's request for an injunction to prevent HIPAA violation, where plaintiff had not

2   asserted a claim for a HIPAA violation).  In this motion, plaintiff discusses the risks due to

3   Coronavirus, while in the complaint he seeks medical treatment for rectal pain and

4   bleeding.  For all these reasons, this motion (Docket No. 10) is denied.

5                                              **CONCLUSION**

6       1.  The action is **DISMISSED** without prejudice.  Plaintiff may file a new complaint

7   once he has exhausted his administrative remedies.

8       2.  Plaintiff's motion to proceed in forma pauperis (Docket No 7.) is **DENIED** as

9   incomplete.  The motions for a preliminary injunction (Docket Nos. 10, 11) are **DENIED**

10  for the reasons set forth above.

11      **IT IS SO ORDERED.**

12  Dated: November 30, 2020

13

14                                                      _/s/ Phyllis J. Hamilton_
                                                        PHYLLIS J. HAMILTON
15                                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5